**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| **JENNA AMACHER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF TULLAHOMA, TENNESSEE, JENNIFER MOODY, RAY KNOWIS, SCOTT VAN VELSOR, and JIM WOODWARD,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 4:23-CV-40-TRM-SKL**<br><br>**Judge McDonough**<br>**Magistrate Judge Lee**<br><br>**JURY DEMAND** |

---

**DEFENDANT CITY OF TULLAHOMA'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendant City of Tullahoma, by and through counsel, submits this Memorandum of Law in support of its Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## I. PROCEDURAL BACKGROUND

On October 20, 2023, Plaintiff filed the instant lawsuit against the City; prior City Administrator Jennifer Moody, in her individual capacity; City Mayor Ray Knowis, in his individual capacity; private citizen Scott Van Velsor; and private citizen Jim Woodard. Plaintiff asserts claims under 42 U.S.C. § 1983 for purported First Amendment retaliation (Count I) and denial of substantive due process (Count II). Plaintiff also asserts two state law claims against the individual defendants for malicious prosecution (Count III) and abuse of process (Count IV). The only claims against the City are Counts I and II.

## II. FACTUAL BACKGROUND

The Plaintiff, Jenna Amacher, has been an alderman for the City of Tullahoma since August 2020. (Complaint, DE 1, ¶ 6). The City of Tullahoma is a municipality located in Coffee County and Franklin County, Tennessee. (*Id.* at ¶ 3). The legislative and supervisory power of the City is vested solely in the Board of Mayor and Aldermen, which is made up of an elected mayor, mayor pro tem, and five aldermen.

> **Sec. 3. Be it further enacted**, That the legislative and supervisory power of the city is vested in the Board of Mayor and Aldermen elected under this charter. The Board of Mayor and Aldermen shall consist of the Mayor and six (6) members, chosen by the qualified voters of the city. No person shall be an Alderman unless he be a citizen of the State of Tennessee and a bona fide resident of the city for which he is elected. Any alderman, after his election removing from the city, thereby vacates his said office. [As amended by Priv. Acts 1951, ch. 513, § 1(3)]

(EX 1, Charter of the City of Tullahoma, p. C-6).[1]

The Mayor is an elected position, which is chosen by voters of the City. (*Id.*). The City Administrator is appointed by the Board of Mayor and Aldermen and serves at the pleasure of the Board.

> **1-301. City administrator—office created; appointment; term; qualifications; devotion to duty**. (1) There is hereby created the office of City Administrator of the City of Tullahoma. The Board of Mayor and Aldermen of the City of Tullahoma may appoint and fix the salary of said administrator, who shall serve at the pleasure of the board of mayor and aldermen. The administrator shall be selected solely on the basis of training, experience, and other administrative qualifications. Minimum qualifications shall include a college degree and training or experience in municipal administration, public administration or civil engineering. The administrator shall give full time to the duties of his office.

(EX 2, Tullahoma Municipal Code, Title 1, p. 1-22).[2]

---

[1] Municipal ordinances are appropriate for judicial notice. See United States v. Alexander, 467 F. App'x 355, 360 (6th Cir. 2012) (quoting Tollis, Inc. v. Cnty. of San Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007)).
[2] *See* footnote 1.

The Mayor for the City of Tullahoma, at all times relevant to the Complaint, was Defendant Mayor Ray Knowis. (DE 1 at ¶ 5). The City Administrator for the City of Tullahoma, at all times relevant to the Complaint, was Defendant Jennifer Moody. (*Id*. at ¶ 4).

As it relates to the specific incident complained of, The City adopts and references for its Memorandum as if stated herein the "Factual Allegations" section of Defendant Knowis and Moody's Memorandum of Law in support of their Motion for Judgment on the Pleadings.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A district court reviews a 12(c) motion for judgment on the pleadings under the same standard as it reviews a 12(b)(6) motion to dismiss for failure to state a claim. *Vance v. Amazon, Inc*., 852 F.3d 601, 608 (6th Cir. 2017). If, after taking all well-pleaded facts as true, there is "no material issue of material fact and the party making the motion is entitled to judgment as a matter of law," the court should grant the 12(c) motion. Id. (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV. ARGUMENT

Plaintiff has failed to allege claims for municipal liability against the City. Plaintiff avers that the City is liable under Section 1983 for First Amendment retaliation and due process violations. She bases these claims solely on the assertion that the "City of Tullahoma is liable for the wrongdoing of Moody [and Knowis] because [they were] final policymaker[s] for the City." (Complaint, DE 1, ¶ 50-51 and 54-55).

Section 1983 provides a federal cause of action for civil damages against an individual acting under color of state law who deprives another of "rights, privileges, or immunities secured

by the Constitution and law." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege (1) "a deprivation of a right secured by the Constitution or laws of the United States" and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

"Before a local government can be held liable for injuries pursuant to § 1983 . . . a plaintiff must show that his injuries were the result of a 'policy or custom' attributable to the governmental entity." *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). Initially, it should be noted that one never reaches an analysis pertaining to an alleged custom or policy if it is determined that a plaintiff, in fact, suffered no constitutional injury. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). The Court in *Heller* reasoned that the City in question was sued only because it was thought legally responsible for the police officer's conduct. *Id*. Therefore, if the employee "inflicted no constitutional injury [on the plaintiff], it is inconceivable that the [city] could be liable to [the plaintiff]." *Heller*, 475 U.S. at 799.

However, if a constitutional violation is held to have occurred, the Supreme Court has expressly rejected liability against a municipal defendant under Section 1983 on a *respondeat superior* theory of liability. *See Monell*, 436 U.S. at 691.

Municipal liability can be proven in four ways: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)(citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Once a plaintiff has identified a municipal policy or practice, a § 1983 plaintiff must establish that the policy or practice led to, caused, or resulted in the deprivation of a constitutionally protected right. *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). This requisite causation has also been described by the Supreme Court as the "moving force" and the "direct causal link." *Board of County Commissioners of Bryan Co. v. Brown*, 520 U.S. 397, 404 (1997); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981).

For the reasons set forth below, the Complaint fails to allege municipal liability under Claim I (First Amendment retaliation) and Claim II (substantive due process) against the City.

**A. No municipal liability**

First and foremost, it is not clear from the Complaint which of the four ways Plaintiff is attempting to prove municipal liability. Plaintiff has not – and cannot – show that a City policy or practice was the driving force behind a violation. In fact, Plaintiff has not even alleged such in her Complaint. The words "policy", "practice", or "custom" do not appear in the Complaint.

Plaintiff does not allege that the City adopted a policy of permitting any specific illegal actions, let alone malicious prosecution.[3] Plaintiff does not allege anything related to City training or supervision. Plaintiff also fails to allege that the City had a custom of permitting malicious prosecution. If a plaintiff is challenging an unofficial custom or practice of a municipality, he must show that the practice was "so widespread as to have the force of law." *Pembaur*, 475 U.S. at 483. Plaintiff does not allege any facts that the City had previously maliciously prosecuted anyone.

In addition to Plaintiff's complete lack of factual allegations relating to any custom or policy of the City, Plaintiff has incorrectly alleged that Moody and Knowis are final policymakers. Under appropriate circumstances, "municipal liability may be imposed for a single decision by

---

[3] As will be discussed in a later section, malicious prosecution, pursuant to Tennessee Common Law, is the basis for Plaintiff's First Amendment retaliation claim.

municipal policymakers." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). Yet, as *Pembaur* emphasized, "[m]unicipal liability attaches only where the decisionmaker possesses the final authority to establish municipal policy with respect to the action ordered." *Id.* at 481. Whether an official has final policymaking authority is a question of state law, including city ordinances and regulations. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). "The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability on an exercise of that discretion." *Pembaur*, 475 U.S. at 481-82.

While it is accurate that Moody was the City Administrator and Knowis was/is the Mayor, they are <u>not</u> final policymakers for the City of Tullahoma. As Plaintiff herself knows very well, the legislative and supervisory power of the City is vested in the Board of Mayor and Aldermen. The City Administrator and Mayor have duties, which are specifically defined in the Tullahoma Municipal Code, none of which include the authority to enact city policy or direct/demand the Coffee County District Attorney to take action in any matter. Regardless, Plaintiff has failed to allege such.

**B. No constitutional violation**

The City cannot be held liable under Section 1983 without a showing of a constitutional violation. Defendants Knowis and Moody have explained in detail Plaintiff's failure and inability to allege a constitutional violation. As such, the City adopts and references for its Memorandum as if stated herein the "Law and Argument" section of Defendants Knowis' and Moody's Memorandum of Law in support of their Motion for Judgment on the Pleadings.

**C. No violative action by a state actor**

Because Plaintiff is suing the City under Section 1983, she must demonstrate not only that there was a constitutional violation but also that the violation was committed by a state actor (i.e. under color of law). Plaintiff has failed to do so, which is explained in detail by Defendants Knowis and Moody. As such, the City adopts and references for its Memorandum as if stated herein the "Law and Argument" section of Defendants Knowis' and Moody's Memorandum of Law in support of their Motion for Judgment on the Pleadings.

**D. Substantive Due Process Claim is Duplicative of First Amendment Claim**

Plaintiff's substantive due process claim further fails because it is duplicative of her First Amendment claim. "Substantive due process protects those interests that may be considered fundamental interests implicit in the concept of ordered liberty." *See Williams v. City of Franklin*, 586 F.Supp.2d 890, 900 (M.D. Tenn. 2008). The United States Supreme Court has cautioned that it is "reluctant to expand the concept of substantive due process" and its protections "have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 271-72 (1994). If the Constitution "provides an explicit textual source" of protection for a plaintiff's claims, those claims should be analyzed under that provision rather than a more general substantive due process claim. *Williams*, 586 F.Supp.2d at 900 (citing *Albright*, 510 U.S. at 266; *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *See also Darrah v. City of Oak Park*, 255 F.3d 301, 305 (6th Cir. 2001) (holding that "if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to the specific provision, not under the rubric of substantive due process.")

## V. CONCLUSION

Based on the foregoing, the City respectfully requests that the court grant its Motion for Judgment on the Pleadings and dismiss all claims against it.

Respectfully submitted,

***/s/ Samantha A. Burnett***

Robert M. Burns, #15383
Samantha A. Burnett, #37250
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
(615) 244-3370
*Attorneys for Tullahoma Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing Memorandum of Law in support of Motion for Judgment on the Pleadings was filed electronically on April 12, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to:

| | |
|---|---|
| Drew Justice, #29247<br>1902 Cypress Drive<br>Murfreesboro, TN 37130<br>drew@justicelawoffice.com<br>*Attorney for Plaintiff* | Matthew J. Evans, #17973<br>Daniel C. Headrick, #26362<br>Corey A. Williams, #41439<br>KAY GRIFFIN<br>900 South Gay Street, Suite 1810<br>Knoxville, TN 37902<br>dheadrick@kaygriffin.com<br>matthew.evans@kaygriffin.com<br>cwilliams@kaygriffin.com<br>*Attorneys for Defendants van Velsor & Woodard* |

***/s/ Samantha A. Burnett***