IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| JENNA AMACHER, | * | |
| Plaintiff | * | |
| v. | * | 4:23-cv-40 |
| CITY OF TULLAHOMA, TENNESSEE, JENNIFER MOODY, RAY KNOWIS, SCOTT VAN VELSOR and JIM WOODARD, | * | |
| Defendants | * | |

**ANSWER OF DEFENDANT SCOTT VAN VELSOR TO AMENDED COMPLAINT**

Defendant Scott van Velsor ("Defendant"), by and through counsel, answers the Plaintiff's *Amended Complaint* as follows:

**INTRODUCTION**

1. The allegations contained in paragraph 1 are denied.

**THE PARTIES**

2. It is admitted that Plaintiff Jenna Amacher is an alderman and mayor pro tem of Tullahoma, Tennessee as alleged in paragraph 1. Defendant admits that the Chancery Court for Coffee County issued an Order on March 13, 2023 ruling that under T.C.A. § 2-2-122, Plaintiff expressed an intent to reside at an address in Tullahoma, Tennessee. Defendant lacks knowledge or information concerning whether Amacher is a "bone fide resident" as Defendant does not know what the phrase "bone fide" means.

3. The allegations contained in paragraph 3 are admitted.

4. It is admitted Jennifer Moody was the City Administrator for the City of Tullahoma from July 2018 to February 2023 as alleged in paragraph 4.

1

5. It is admitted Ray Knowis is the Mayor of the City of Tullahoma as alleged in paragraph 5.

## FACTUAL BACKGROUND

6. The allegations contained in paragraph 6 are admitted.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 7. As such, those allegations are denied.

8. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8. As such, those allegations are denied.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9. As such, those allegations are denied.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10. As such, those allegations are denied.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11. As such, those allegations are denied.

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12. As such, those allegations are denied.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 concerning the Mayor's ire, but admits that Plaintiff attended a party where the Confederate flag was displayed. All other allegations are denied.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 14. As such, those allegations are denied.

15. Defendant admits that Plaintiff made public statements about the 2040 Comprehensive Development Plan as alleged in paragraph 15. All remaining allegations are denied.

16. Defendant lacks sufficient knowledge or information to admit or deny allegations concerning Plaintiff's enemies and also lacks sufficient knowledge or information to admit or deny the remaining allegations.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 17. As such, those allegations are denied.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 18. As such, those allegations are denied.

19. The allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are denied.

21. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 21. As such, those allegations are denied.

22. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 22. As such, those allegations are denied.

23. The allegations in paragraph 23 concerning the statute and cited case are not factual allegations, and therefore no response is required. Alternatively, the allegations are denied.

24. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 24. As such, those allegations are denied.

25. The allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 are denied.

27. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 27. As such, those allegations are denied.

28. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 28. As such, those allegations are denied.

29. It is admitted that Mr. van Velsor served as a relator Plaintiff. It is also admitted that Defendant Woodard served as the cost surety for the costs associated with the filing of the case. The actual lawsuit was filed and prosecuted by the District Attorney for the State of Tennessee. All remaining allegations contained in paragraph 29 are denied.

30. The allegations contained in paragraph 30 are denied.

31. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 31. As such, those allegations are denied.

32. The allegations contained in paragraph 32 are denied.

33. The allegations contained in paragraph 33 are denied.

34. The allegations contained in paragraph 34 are denied.

35. The allegations contained in paragraph 35 are denied.

36. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 36. As such, those allegations are denied.

37. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 37. As such, those allegations are denied.

38. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 38. As such, those allegations are denied.

39. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 39. As such, those allegations are denied.

40. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 40. As such, those allegations are denied.

41. Defendant admits that the Chancery Court for Coffee County issued an Order on March 13, 2023 ruling that under T.C.A. § 2-2-122, Plaintiff expressed an intent to reside at an address

in Tullahoma, Tennessee. The Court also found that the Plaintiff had not actually lived in Tullahoma. The remaining allegations contained in paragraph 41 are denied.

42. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 42. As such, those allegations are denied.

43. The allegations contained in paragraph 43 are denied.

44. The allegations contained in paragraph 44 are denied.

45. The allegations contained in paragraph 45 are denied.

46. It is admitted that the City of Tullahoma is a governmental entity. The remaining allegations contained in paragraph 46 are denied.

47. The allegations contained in paragraph 47 are denied.

## CLAIMS FOR RELIEF

## COUNT I

## INFRINGING THE FREEDOM OF SPEECH

## 42 U.S.C. § 1983

## (All Defendants)

48. To the extent there are allegations of negligence, breach of contract, violations of civil rights and/or any theory of liability against Defendant in paragraphs 1-47, those allegations are denied.

49. The allegations contained in paragraph 49 are denied.

50. The allegations contained in paragraph 50 are denied.

51. The allegations contained in paragraph 51 are denied.

52. The allegations contained in paragraph 52 are denied.

## COUNT II

## MALICIOUS PROSECUTION

## Tennessee Common Law

5

(Moody, Knowis, van Velsor, Woodard)

53. To the extent there are allegations of negligence, breach of contract, violations of civil rights and/or any theory of liability against Defendant in paragraphs 1-52, those allegations are denied.

54. The allegations contained in paragraph 54 are denied.

## JURISDICTION

55. The allegations contained in paragraph 55 are denied. There is no federal question jurisdiction over this Defendant because he was not a government employee or official, and was not acting under color of state law. Defendant denies that this Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims.

56. It is admitted all the Defendants are citizens of Tennessee, but this does not confer jurisdiction in federal court for this matter.

57. The allegations contained in paragraph 57 are denied.

## **AFFIRMATIVE DEFENSES**

For further affirmative defense, Defendant alleges as follows:

1. Defendant pleads and relies on Tennessee Code Annotated § 20-17-101, the "Tennessee Public Participation Act." Specifically, T.C.A. § 20-17-104 mandates the Court to dismiss this lawsuit because it is a "legal action…filed in response to a party's exercise of the right of free speech."

2. Defendant is not a state governmental employee, official, or state actor, and was at no times acting under color of state law or conspiring with governmental officials such that an imposition of liability under § 1983 is warranted.

3. Alternatively, and without admitting that Defendant was acting under color of state law, Defendant affirmatively pleads the defense of qualified immunity to the extent the Court finds

6

that he was a state affiliated actor. Defendant's actions were at all times reasonable and not in bad faith and Defendant relied upon applicable state law at all times.

4. Alternatively, and without admitting that Defendant was acting under color of state law, Defendant pleads and relies upon the "good-faith defense" to liability for private actors under § 1983. At all times relevant, Defendant in good faith relied upon a valid state law.

5. Defendant cannot be liable for malicious prosecution or abuse of process because he did not file the *quo warranto* lawsuit. Rather, the District Attorney filed it as required by applicable law.

6. Defendant is entitled to attorneys' fees along with costs and expenses pursuant to 42 U.S.C. § 1988 and other applicable law.

7. The Court should dismiss this lawsuit under Rule 19 of the Federal Rules of Civil Procedure because Plaintiff has failed to join the other relators in the *quo warranto action* as indispensable parties.

8. Plaintiff has failed to state a claim upon which relief can be granted.

9. Plaintiff has failed to state a claim upon which relief can be granted for punitive damages because she failed to adequately plead specific facts that Defendant acted with the requisite conduct. Plaintiff is not entitled to punitive damages because Defendant did not act intentionally, fraudulently, maliciously, or recklessly. Tenn. Code Ann. § 29-39-104; *Hudson, Holeyfield & Banks, G.P. v. MNR Hosp., LLC*, No. W2019-00123-COA-R3-CV, 2020 Tenn. App. LEXIS 358, at *27 (Aug. 7, 2020); *Bandy v. Roberts*, No. 1:19-cv-164, 2022 U.S. Dist. LEXIS 143621, at *71 (E.D. Tenn. Aug. 11, 2022). Alternatively, Defendant hereby reserves his right to request a bifurcated trial on any punitive damages claims. *See id.*

10. State Farm relies on all limitations and provisions of the Tennessee Civil Justice Act of 2011 including but not limited to Tennessee Code Annotated § 29-39-102 and § 29-39-104.

11. Defendant demands a jury of his peers to try this matter.

7

Now, having fully answered the Plaintiff's *Complaint*, Defendant moves the Court to dismiss this matter with full prejudice as to refiling and costs assessed to the Plaintiff for court costs, reasonable attorney's fees, discretionary costs, and other expenses incurred in filing and prevailing upon the petition filed pursuant to T.C.A. § 20-17-101 *et seq* and other applicable law, and attorney's fees and costs under 42 U.S.C. § 1988.

Respectfully submitted, this 5th day of March, 2025.

**KAY|GRIFFIN|EVANS, PLLC**

*/s/ Daniel C. Headrick*
Matthew J. Evans (BPR #017973)
Daniel C. Headrick (BPR #026362)
900 South Gay Street, Suite 1810
Knoxville, Tennessee 37902
(865) 314-8422
*Attorneys for Defendant Scott van Velsor and Defendant Jim Woodard*

**CERTIFICATE OF SERVICE**

I certify that on the 5th day of March 2025 the foregoing *Answer* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system upon:

Drew Justice, Esq.
1902 Cypress Drive
Murfreesboro, Tennessee 37130

Robert M. Burns, Esq.
Samantha A. Burnett, Esq.
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, Tennessee 37203

*/s/ Daniel C. Headrick*
Daniel C. Headrick