IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| JENNA AMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-40-TRM-SKL |
| | ) | |
| CITY OF TULLAHOMA, TENNESSEE, | ) | Judge McDonough |
| JENNIFER MOODY, RAY KNOWIS, | ) | Magistrate Judge Lee |
| SCOTT VAN VELSOR, and JIM | ) | |
| WOODWARD, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANT CITY OF TULLAHOMA TO AMENDED COMPLAINT

Defendant the City of Tullahoma, Tennessee, by and through undersigned counsel, answers the Plaintiff's Complaint as follows:

### INTRODUCTION

1. To the extent that the statements contained in ¶ 1of the Complaint are an introduction or a mere assertion as to what Plaintiff is basing this lawsuit on or claiming what happened to it, no response is required. Otherwise, to the extent these same statements constitute allegations against Defendant, Defendant denies the same.

### THE PARTIES

2. Defendant admits that the Chancery Court for Coffee County, Tennessee at Manchester, Tennessee issued an Order on March 13, 2023 stating that Plaintiff is a resident of Tullahoma, Tennessee. Defendant admits that Plaintiff serves as alderman and mayor pro tem of Tullahoma, Tennessee. Anything inconsistent with the foregoing is denied.

1

3. Defendant admits the allegations contained in ¶ 3.

4. Defendant admits that Jennifer Moody was the City Administrator for the City of Tullahoma from July 2018 to February 2023 and that she is being sued individually.

5. Defendant admits the allegations contained in ¶ 5.

## FACTUAL BACKGROUND

6. Defendant admits the allegations contained in ¶ 6.

7. Defendant denies misconduct or misfeasance occurring within the City government. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 7.

8. Defendant admits that Plaintiff has made statements at City Hall. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 8.

9. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in ¶ 9.

10. Defendant denies that Defendant Moody illegally mishandled a zoning dispute involving a local business named London's. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 10.

11. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in ¶ 11.

12. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in ¶ 12.

13. Upon information and belief, Defendant admits that Plaintiff held a Christmas party where a Confederate flag was displayed. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 13.

14. Defendant admits Defendant Knowis made a statement following Plaintiff's Christmas party that it was "controversial in nature and, in my opinion, does not reflect the values of the Tullahoma Board of Mayor and Aldermen."[1] Anything inconsistent with the foregoing is denied.

15. Defendant denies the factual allegations contained in the first sentence of ¶ 15. Upon information and belief, Defendant admits that Plaintiff spoke about the 2040 Comprehensive Development Plan on Facebook Live. To the extent that ¶ 15 contains additional allegations against Defendant, those allegations are denied.

16. Defendant lacks sufficient information or knowledge to admit or deny whether Plaintiff has enemies, who these enemies are, and how these enemies were obtained. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 16.

17. Defendant lacks sufficient information or knowledge to admit or deny allegations concerning Plaintiff's alleged Facebook Live post. Defendant denies that it participated in any illegal or unconstitutional treatment of former employee Kurt Glick.

18. Defendant denies the allegations contained in ¶ 18.

19. Defendant lacks sufficient information or knowledge to admit or deny when Plaintiff spoke and what she spoke about. Defendant avers that the First Amendment speaks for itself. Defendant denies the remaining allegations contained in ¶ 19.

20. Defendant denies the allegations contained in ¶ 20.

---

[1] Tullahoma alderman won't apologize for family Christmas party photo with Confederate flag, ABC 17 News (Dec 24, 2020), https://abc17news.com/news/national-world/2020/12/24/tullahoma-alderman-wont-apologize-for-family-christmas-party-photo-with-confederate-flag/

21. Defendant lacks sufficient information or knowledge to admit or deny the factual allegations contained in ¶ 21.

22. Defendant lacks sufficient information or knowledge to admit or deny the factual allegations contained in ¶ 22.

23. Defendant avers that the statute and case law cited in ¶ 23 speaks for itself.

24. Defendant admits that Plaintiff spoke to the Mayor and Aldermen at City Hall during an Executive Session in February 2022. Defendant denies that, during the Executive Session, Plaintiff clearly and concisely explained the applicable law in Tennessee on legal residency. Defendant denies that, during the Executive Session, Plaintiff stated she was building a home in Tullahoma and intended to remain a Tullahoma resident. Defendant lacks sufficient information or knowledge to admit or deny the remaining factual allegations contained in ¶ 24.

25. Defendant denies the allegations contained in ¶ 25.

26. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in ¶ 26.

27. Defendant denies that Defendant Moody and Defendant Knowis called upon the services of the local District Attorney. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 27.

28. Defendant denies that Defendant Moody and Defendant Knowis drafted the District Attorney to file a Petition for Writ of Quo Warranto against Plaintiff. Defendant lacks sufficient information or knowledge to admit or deny the remaining factual allegations contained in ¶ 28.

29. Defendant denies that Defendant Moody and Defendant Knowis conspired against Plaintiff. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in ¶ 29.

30. Defendant denies the allegations contained in ¶ 30.

31. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in ¶ 31.

32-35. Defendant denies the allegations contained in ¶ 32-35.

36. Defendant admits that Plaintiff has not resigned as an alderman. Anything inconsistent with the foregoing is denied.

37. Defendant denies the allegations contained in ¶ 37.

38-40. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in ¶ 38-40.

41. Defendant admits that the Chancery Court for Coffee County, Tennessee at Manchester, Tennessee issued an Order on March 13, 2023 denying the Petition for Writ of Quo Warranto filed against Plaintiff and stating that Plaintiff is a resident of Tullahoma, Tennessee. Anything inconsistent with the foregoing is denied.

42. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in ¶ 42.

43. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in ¶ 43.

44. Defendant denies the allegations contained in ¶ 44.

45. Defendant denies the allegations contained in ¶ 45.

46. Defendant admits it is a government entity but denies any alleged acts of wrongdoing under color of law.

47. Defendant denies the allegations contained in ¶ 47. Defendant avers that the case law cited speaks for itself.

## CLAIMS FOR RELIEF

## COUNT I

## INFRINGING THE FREEDOM OF SPEECH

## 42 U.S.C. § 1983

*(All Defendants)*

48. Defendant incorporates its earlier responses by reference.

49-52. Defendant denies the allegations contained in ¶ 49-52.

## COUNT II

## MALICIOUS PROSECUTION

**Tennessee Common Law**

(*Moody, Knowis, Van Velsor, Woodard*)

53. Defendant incorporates its earlier responses by reference.

54. Defendant denies the allegations contained in ¶ 54.

## JURISDICTION

55. Defendant admits this Court has jurisdiction under 28 U.S.C. §§ 1331. Defendant denies that this Court should exercise its discretionary supplemental jurisdiction over Plaintiff's claims arising under Tennessee common law.

56. Defendant admits the allegations contained in ¶ 56.

57. Defendant admits the allegations contained in ¶ 57.

58. Any allegation not addressed above is hereby denied.

## RELIEF SOUGHT

Defendant denies that Plaintiff is entitled to her prayer for relief.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Defendant, this Court should dismiss the Complaint in its entirety or the non-sufficient specific allegations.

2. No act or omission on behalf of Defendant deprived Plaintiff of any interest protected by the Federal Constitution, the Constitution of the State of Tennessee, or any other applicable federal or state statutes or laws.

3. No custom, policy, or practice of the City existed which contributed to the alleged violation of Plaintiff's constitutional rights.

4. In the alternative, if the Court finds this Defendant violated any right of the Plaintiff, the right was not clearly established under the circumstances at issue in this case.

5. Defendant is not liable to Plaintiff for attorney's fees, costs, or any other form of damage or relief requested in this action.

6. Defendant asks that it be awarded attorneys' fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. § 1988 and as otherwise provided.

7. Defendant demands a jury to try this action.

8. Defendant specifically reserves the right to amend this pleading and plead further depending on the facts that become available during discovery.

9. Plaintiff is not entitled to a recovery of punitive damages against this Defendant.

10. To the extent necessary, the Complaint fails to state a claim upon which relief can be granted regarding punitive damages against this Defendant, therefore, any request for punitive damages should be dismissed.

WHEREFORE, now having fully answered the Complaint, the Defendant prays that Plaintiff takes nothing by way of the filing of this action, that this Court dismiss Plaintiff's claims with prejudice, that this Court assess all costs and discretionary costs against the Plaintiff, and to the extent permissible by law, this Court tax the Defendant's attorneys' fees and costs against the Plaintiff pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

*/s/ Erin M. Shrum*
Robert M. Burns, #15383
Erin M. Shrum, #41329
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
eshrum@howell-fisher.com
(615) 244-3370
*Attorneys for Tullahoma Defendants*

## **CERTIFICATE OF SERVICE**

  I certify that the foregoing was filed electronically on March 5, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to:

| | |
|---|---|
| Drew Justice, #29247<br>1902 Cypress Drive<br>Murfreesboro, TN 37130<br>drew@justicelawoffice.com<br>*Attorney for Plaintiff* | Matthew J. Evans, #17973<br>Daniel C. Headrick, #26362<br>Corey A. Williams, #41439<br>KAY GRIFFIN<br>900 South Gay Street, Suite 1810<br>Knoxville, TN 37902<br>matthew.evans@kaygriffin.com<br>dheadrick@kaygriffin.com<br>cwilliams@kaygriffin.com<br>*Attorneys for Defendants van Velsor & Woodard* |

                    **/s/ *Erin M. Shrum***